# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIE JOE JOHNSON, | ) |
| Movant, | ) |
| vs. | ) Case No. 4:10-CV-01531-CDP |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Willie Joe Johnson brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Johnson was sentenced to a term of 60 months imprisonment following his guilty plea to one count of possession of a firearm in furtherance of a drug trafficking crime. Criminal Case No. 4:08-cr-00686-CDP-1. He did not appeal.

As grounds for § 2255 relief, Johnson alleges that he received ineffective assistance of counsel, that his guilty plea was entered involuntarily, unknowingly, and unintelligently, and that he was the victim of an unconstitutional search and seizure. All of Johnson's allegations have been waived or are refuted by the record, however, so I will deny the motion without a hearing.

**Background**

On October 3, 2008, St. Louis Metropolitan Police officers obtained a search warrant for Johnson's residence located at 4722 North 20th Street, St. Louis, Missouri. The affidavit submitted in support of the warrant application stated that a confidential informant told Officer William Noonan that a man known to him or her as "Joe" was, along with another individual, selling large amounts of crack cocaine and marijuana from inside the residence. The affidavit further stated that officers had conducted surveillance on the residence and witnessed a lot of people coming and going from the house, appearing to be conducting transactions.

After obtaining the warrant, police officers entered and searched Johnson's residence. When officers entered, they found two firearms, over 5 grams of cocaine base, over $350, and other drug substances and paraphernalia. As a result, Johnson was indicted and charged with one count of possession with the intent to distribute five grams or more of cocaine base, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of being a felon in possession of a firearm.

On April 30, 2009, Johnson appeared before me and, pursuant to a plea agreement, pleaded guilty to count two of the indictment – possession of a firearm

in furtherance of a drug trafficking crime. In the plea agreement, Johnson admitted that he had committed the offense as charged in the indictment. In exchange for his guilty plea, the government agreed to move the court to dismiss counts one and three of the indictment and to recommend a sentence of 60 months in prison. Additionally, Johnson agreed to waive his right to appeal all non-jurisdictional issues, and his right to appeal any sentencing issues provided the court sentenced Johnson to a term within the agreed upon sentencing range. Johnson further agreed not to file any post-conviction motions or motions under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel or prosecutorial misconduct. At his plea, Johnson said that he understood he was giving up these appeal and post-conviction rights. Finally, Johnson said in the plea agreement that he was fully satisfied with counsel's representation and that counsel had completely explored all areas that he had asked her to explore.

At the guilty plea hearing I placed Johnson under oath, and he confirmed his satisfaction with his counsel. He also stated that the statements in the plea agreement were true. He admitted his guilt and stated that he understood his right to trial and the other rights associated with trial, and confirmed the waiver of post-conviction rights. Based on Johnson's statements to me under oath, I accepted his guilty plea. On August 3, 2009, I sentenced Johnson to 60 months in prison.

In December of 2009 and January of 2010, the St. Louis Post-Dispatch published two articles discussing allegations that St. Louis police officers had falsified affidavits in order to obtain search warrants. Officer Noonan was one of the officers implicated in the articles.

Johnson now files a motion and a supplemental motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] In his motions, he asserts the following grounds for relief:

> (1) He received ineffective assistance of counsel due to counsel's failure to investigate Officer Noonan's actions in obtaining the search warrant.
>
> (2) His guilty plea should be vacated because it was involuntary, unknowing, and unintelligently entered because he was under duress and was lied to by the police.
>
> (3) His conviction was the result of an unconstitutional search and seizure.

**Discussion**

I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that he is entitled to no relief." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (internal

---

[1] Both Johnson and his attorney filed § 2255 motions. I will address both the original and supplemental motions in this Memorandum.

quotation marks and citation omitted).  However, when the claim is inadequate on its face, or when the record affirmatively refutes the assertions on which a claim lies, no hearing is required.  Id.  Here, because Johnson's claims are either refuted by the record or facially inadequate, I conclude that no hearing is required.

### *Timeliness of Motion*

As an initial matter, the court must determine whether Johnson's § 2255 motion has been timely filed.  In order to be timely, a § 2255 motion must be filed within one year of the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  Johnson was sentenced on August 3, 2009, and had 10 days to file a Notice of Appeal.  Fed. R. App. P. 4(b)(1)(A)[2].  Johnson did not file an appeal, and his conviction became final on August 13, 2009.  See Never Misses A Shot v. United States, 413 F.3d 781, 782 (8th Cir. 2005) (conviction became final 10 days after entry of judgment).  Thus, Johnson had until August 13, 2010, to file his § 2255 motion.

Johnson's motion was received by the Court on August 20, 2010, seven days after the one-year time period to file his motion had expired.  However,

---

[2] This rule has since been amended to allow defendants 14 days to file a notice of appeal. However, since the amendment to the rule was effective December 1, 2009, it does not apply to this case. See United States v. Carter, No. 10-2760, 2010 WL 5158208, at *1 (8th Cir. Dec. 20, 2010).

Johnson's motion is saved by virtue of the "prison mailbox rule" pursuant to Rule 4(c) of the Federal Rules of Appellate Procedure.

The prison mailbox rule applies to § 2255 motions. Grady v. United States, 269 F.3d 913, 916 (8th Cir. 2001). To be timely under the rule, Johnson must have deposited his § 2255 motion in the prison mail system within the statute of limitation. See Houston v. Lack, 487 U.S. 266, 276 (1988) (time of filing is time at which prisoner delivers document to prison authorities to send to court clerk). At the end of his pro se motion, Johnson declares under penalty of perjury that he delivered his motion to the prison mail room on August 13, 2010, within the § 2255 statute of limitation. Since there is no evidence contradicting this statement, I find that the motion was timely filed.

Regardless of its timeliness, Johnson's motion fails as his claims are waived, procedurally barred, or refuted by the record.

### *Ground 1: Ineffective Assistance of Counsel*

I must evaluate Johnson's claims keeping in mind that he pleaded guilty in the underlying criminal case. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v.

United States, 114 F.3d 699, 703 (8th Cir. 1997) (internal citations and quotation marks omitted).

Johnson's first ground alleges that he received ineffective assistance of counsel due to counsel's failure to investigate Officer Noonan and the procedures used in obtaining the search warrant. Because Johnson cannot satisfy the Strickland standard for ineffective assistance of counsel claims, his first ground fails.

In Strickland v. Washington, the Supreme Court laid down a two-part test for determining claims of ineffective assistance of counsel. 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient . . . Second, the defendant must show that the deficient performance prejudiced the defense." Id. Strickland requires that a court be highly deferential in evaluating counsel's performance. Id. at 689. Counsel's conduct must be scrutinized "from counsel's perspective at the time." Id. To show prejudice in the plea context, "a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

There is nothing in the record, other than Johnson's conclusory allegations, to suggest that Johnson's counsel provided ineffective representation. Johnson

alleges that he told his counsel that he was suspicious of Officer Noonan and of Noonan's procedure for obtaining the search warrant, and that counsel failed to follow up and investigate Officer Noonan. However, Johnson's claims are refuted by the record.

In both the plea agreement and at the plea colloquy, Johnson stated that he was satisfied with his counsel's performance and that counsel had done everything he had asked in her course of representation. When I asked Johnson if there was anything he wanted counsel to do in representing him that she had failed or refused to do, he said no. See Government Ex. 5, Transcript of Change of Plea Hearing, April 30, 2009, doc. #4-1, p. 5.

Johnson's statements now are directly contradicted by his statements in the plea agreement and at the plea colloquy. He told me under oath that ocunsel had done all he asked, and he cannot now contradict that sworn testimony by claiming otherwise. Furthermore, his counsel negotiated a plea agreement under which he plead guilty to one count of a three count indictment. Johnson was given a 60-month sentence, the mandatory minimum for the count to which he plead, which is a much shorter sentence than he would have received if he went to trial and was convicted of all the counts in the indictment. Johnson has not shown that counsel's performance was deficient. See Nguyen, 114 F.3d at 704 .

Even assuming counsel's performance was deficient in failing to further investigate Officer Noonan and the affidavit involved in this case, Johnson has not shown that he suffered prejudice because of the deficient performance. In support of his ineffective assistance claim, Johnson asserts that the officers involved in his case were the subject of investigative articles in the St. Louis Post-Dispatch. He claims that some of the officers were fired, had resigned, or had been sent to jail. However, Johnson fails to show how these allegations resulted in prejudice to himself.

While Officer Noonan was the subject of some of the allegations discussed in the news articles, there is no suggestion in the articles, and no evidence from Johnson's petition, that Officer Noonan lied on the affidavit involved in Johnson's case. See "Two St. Louis officers deny lying on warrants, say probe chilling others" and "City officer impugned; drug case dismissed," Movant's Attachment/Exhibit to § 2255, doc. # 2, p. 9-11. In one of the articles cited in Johnson's motion, Officer Noonan in fact denies the allegations that he lied on any affidavits. Movant's Attachment/Exhibit to § 2255, doc. # 2, p. 9-10. The articles and Johnson's allegations do not show that the affidavit involved in Johnson's case was falsified, nor do they show any prejudice to Johnson.

Johnson has not put forth evidence sufficient to show a "reasonable

probability" that had his counsel further investigated the affidavit and search warrant involved in his case, he "would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Accordingly, Johnson has not shown that counsel's alleged deficient performance prejudiced him. Johnson, then, has failed to satisfy the Strickland standard for ineffective assistance of counsel.

### *Ground 2: Guilty Plea*

Johnson's second ground alleges that his guilty plea was involuntary, unknowing, and unintelligently made, and that he made his plea under duress.[3] To support this claim, Johnson only references the two newspaper articles he attached to his motion. Because this claim is unsupported by evidence and refuted by the record, his second ground fails.

For a plea agreement to be valid, the defendant must enter the agreement knowingly and voluntarily. United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003). "One important way a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement and

---

[3]Johnson also alleges in this claim that the police officers lied. This claim is better suited for analysis with Johnson's claim that he was the victim of an unconstitutional search and seizure, and will be discussed there.

waive the right to appeal." Id. at 890-91.

The record reflects that Johnson fully understood the charges brought against him, that he was pleading with this understanding, and that his plea was voluntary. In the plea agreement, Johnson admits that his plea was "knowing and voluntary." Government Ex. 2, Plea Agreement, Guidelines, Recommendations and Stipulations, doc. # 4-1, p. 2. Additionally, in the agreement, the defendant specifically agreed that no person had "threatened or coerced" him into pleading guilty, and that he pleaded guilty and entered into the agreement voluntarily. Id. at p. 14. Furthermore, at his plea colloquy, Johnson confirmed to me that he understood what he was being charged with, and that no one threatened or coerced him in any way to plead guilty. Finally, I discussed with Johnson the facts that the government would have to prove at trial for Johnson to be found guilty, and Johnson confirmed that he understood them and admitted that he was guilty of committing the acts alleged in count two of his indictment. All of these statements, both in the plea agreement and at the plea colloquy, have a "strong presumption" of truth and "pose a formidable barrier" to his habeas challenge. See Nguyen, 114 F.3d at 703.

None of Johnson's allegations in support of his claim refute this presumption. The two newspaper articles attached in support of his motion do

nothing to show that Johnson's plea was unknowing or involuntary.  Johnson fails to provide any evidence that he did not understand his right to challenge the government's allegations and evidence.  He fails to provide any evidence that he did not understand the nature of the charges brought against him.  Finally, Johnson has failed to provide any evidence that he was pleading guilty under duress.

### *Ground Three: Unconstitutional Search and Seizure*

For his third ground, Johnson alleges that he was the victim of an unconstitutional search and seizure.  However, Johnson waived his right to bring this claim by waiving his right to file motions, by pleading guilty, and by agreeing to the waiver of post-conviction relief contained in his plea agreement.

First, Johnson explicitly waived his right to file a motion to suppress during the pretrial phase of his criminal case.  His counsel filed a written waiver, and later he appeared before United States Magistrate Judge Frederick R. Buckles and, after being placed under oath, stated that he understood he was giving up his rights to file such a motion and that he understood he would not be able to seek suppression of any evidence in the future.  Judge Buckles specifically discussed with Johnson that he was giving up the right to challenge the seizure of any evidence or to claim that his Fourth Amendment right to be free from unreasonable searches and seizures had been violated.  Johnson stated that he understood he was giving up

these rights.

Second, by pleading guilty Johnson gave up the right to make this claim:

A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). Collateral challenges to a guilty plea are generally confined to whether the plea was counseled and voluntary. Pennington v. United States, 374 F. Supp. 2d 813, 816 (E.D. Mo. 2005) (citing United States v. Broce, 488 U.S. 563, 569 (1989)). As discussed below Johnson's guilty plea was made knowingly and voluntarily, and he received adequate assistance of counsel in making his plea. Therefore, Johnson is barred from challenging the constitutionality of the search warrant used in his case. Tollett, 411 U.S. at 267. Johnson did not enter a conditional plea of guilty, and as a matter of law this claim was waived by the guilty plea.

Finally, Johnson explicitly waived the right to appeal or file post-conviction motions on any ground other than prosecutorial misconduct or ineffective assistance of counsel, so long as I sentenced him to the agreed 60 months, which I did. A defendant may validly waive his right to appeal. Andis, 333 F.3d at 889.

"When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." Id. at 889-90. Even if these conditions are met, a movant may still have his appeal or post-conviction motion heard if enforcing the waiver would result in a miscarriage of justice. Id. at 890.

In his plea agreement, Johnson agreed to waive all rights to contest his conviction in a post-conviction proceeding under § 2255, "except for claims of prosecutorial misconduct or ineffective assistance of counsel." Government Ex. 2, p. 4. Johnson's claim that he was the victim of an unconstitutional search and seizure does not fit within either of the exceptions to Johnson's waiver. See Fischer v. United States, No. 4:09-cv-1783 CAS, 2010 WL 3719934, at *8 (E.D. Mo. Sept. 13, 2010) (finding that a claim of unconstitutional search and seizure did not fall within exception for prosecutorial misconduct). Accordingly, Johnson's claim falls within the scope of the waiver.

For Johnson's waiver and plea to be valid, he must have made them knowingly and voluntarily. See Andis, 333 F.3d at 890; DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). This requirement applies individually to each term of the plea, and each term of the waiver. Andis, 333 F.3d at 890. I have already determined that Johnson entered his guilty plea knowingly and voluntarily.

With regard to the waiver, I questioned Johnson specifically about the appellate rights he was waiving at his plea colloquy:

> THE COURT: Then on page 3, there is a waiver of appeal, and a waiver of post-conviction rights. These are very important parts of your plea agreement. When you plead guilty, you're giving up the right to appeal anything that's happened up to this point, and you're giving up the right to appeal whether you're guilty, and that's true in all cases. You understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> ...
>
> THE COURT: You're also giving up your right to file a habeas corpus or a post-conviction motion. That's a motion where you would come back to me later and say that your rights had been violated somehow here, and you're giving up the right to file that kind of a motion unless you later find out something that you believe is prosecutorial misconduct or ineffective assistance of counsel. So do you understand what you're giving up there?
>
> THE DEFENDANT: Yes, ma'am.

Government Ex. 5, p. 11-12. Johnson's statements under oath to me at the plea colloquy establish that the waiver of his post-conviction rights was entered into knowingly and voluntarily.

Johnson can still avoid waiver of his claim with a showing that enforcement of the waiver would constitute a miscarriage of justice. See Andis, 333 F.3d at 891. "[T]his exception is a narrow one and will not be allowed to swallow the

general rule that waivers of appellate rights are valid." Id.; see also United States v. Sisco, 576 F.3d 791, 796 (8th Cir. 2009) (noting that the miscarriage of justice exception arises "in only limited contexts"). Johnson alleges but does not provide evidence that Officer Noonan falsified the affidavit used to obtain the search warrant for his residence. Johnson's claims are speculative and conclusory, and fail to show that enforcement of his waiver of post-conviction rights would constitute a miscarriage of justice. See United States v. McCarty, 612 F.3d 1020, 1027 (8th Cir. 2010) (upholding waiver in the face of appellant's "cursory, speculative, and unsubstantiated" arguments).

Johnson's claim that he was the victim of an unconstitutional search and seizure falls within the scope of his waiver of post-conviction rights. This waiver was entered knowingly and voluntarily, and Johnson has not shown that enforcement of this waiver would constitute a miscarriage of justice. Furthermore, Johnson's valid guilty plea forecloses his independent claim of a constitutionally defective search warrant.

**Certificate of Appealability**

As Johnson has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flinger v. Delo, 16 F.3d 878,

882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings)).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Willie Joe Johnson to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is denied.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability, as Johnson has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2011.